Stracar Medical Services, as Assignee of Wilda Solano Lucas, Appellant, 
against
State Farm Mutual Automobile Ins. Co., Respondent.




Gary Tsirelman, P.C. (Stefan Belinfanti of counsel), for appellant.
Rivkin Radler, LLP (Stuart M. Bodoff and Cheryl F. Korman of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Theresa M. Ciccotto, J.), entered June 4, 2015. The order granted defendant's motion for summary judgment dismissing the complaint and denied plaintiff's cross motion for summary judgment.




ORDERED that the order is affirmed, with $25 costs.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff appeals from an order of the Civil Court which granted defendant's motion for summary judgment dismissing the complaint on the ground that plaintiff had failed to appear for duly scheduled examinations under oath (EUOs) and denied plaintiff's cross motion for summary judgment. This case involves 17 bills which had been received by defendant between November 18, 2011 and July 20, 2012.
Plaintiff does not dispute that a letter scheduling its EUO was mailed to plaintiff on December 13, 2011, or that a follow-up scheduling letter was timely mailed. Contrary to plaintiff's main contention on appeal, once that initial letter was mailed to plaintiff, the toll of defendant's time to pay or deny plaintiff's claims applied to any claim form submitted by plaintiff for the same assignor and accident subsequent to that request, but before plaintiff breached a policy condition by failing to appear for two properly scheduled EUOs (see ARCO Med. NY, P.C. v Lancer Ins. Co., 34 Misc 3d 134[A], 2011 NY Slip Op 52382[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]), in this case, the four claim forms defendant received on December 14, [*2]2011. 
While plaintiff notes that the first EUO scheduling letter was mailed 16 business days after defendant's receipt of two bills on November 18, 2011, which is one day later than is set forth in the Insurance Department Regulations (11 NYCRR 65-3.5 [b]) for the time to seek verification, it fails to explain why this should result in even the partial denial of defendant's motion, since the denial of claim forms with respect to those two bills were mailed 21 days after plaintiff's failure to appear for the second EUO (see 11 NYCRR 65-3.8 [l] [providing that deviations from the verification time frames reduce the 30 days to pay or deny the claim by the same number of days that the verification request was late]). 
Plaintiff's remaining contentions are without merit.
Accordingly, the order is affirmed.
PESCE, P.J., ALIOTTA and ELLIOT, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 30, 2018